# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | Case No. 2:15-cv-00218-KJD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| SFR INVESTMENTS POOL I, LLC, et al., | |
| Defendant(s). | |

On April 13, 2016, the Court ordered Defendant SFR to submit a declaration to establish the existence of diversity jurisdiction in this case. Docket No. 37. Although the order to show cause cited case law identifying in detail the showing required to establish diversity jurisdiction in response to a court's order to show cause, *see id.* at 2 (citing, *inter alia*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)), the order read literally may be construed as requiring only that SFR identify the citizenship of its members, *see id.* The Court issues this order to clarify what it requires from SFR and give it one further opportunity to provide it.

As noted above, the current record is not sufficient to establish this Court's subject matter jurisdiction over this case, which prompted the Court to require a further showing from the parties. "Once the court sounds the alarm, the litigants must be precise." *Sylver v. Titan Digital Media Ventures, LLC*, 2009 WL 1616118, *2 (C.D. Cal. June 8, 2009) (quoting *America's Best Inns*, 980 F.2d at 1073). To that end, declarations submitted in response to an order to show cause regarding diversity jurisdiction must actually identify each relevant person or entity, in addition to their citizenship. *America's Best*

*Inns*, 980 F.2d at 1073 ("It is impossible to determine diversity of citizenship without knowing who the persons in question are"). Such declarations must also be specific to the time frame from which diversity jurisdiction is determined, which is generally the date the complaint was filed. *Id.*; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case"). Such declarations must also be made based on personal knowledge. *See America's Best Inns*, 980 F.2d at 1074 ("only the affidavit made on personal knowledge has any value"). Lastly, a bare representation that an individual is a "citizen" of a foreign country is not sufficient. *Cf.* 28 U.S.C. § 1332(b) (federal courts do not have diversity jurisdiction over actions between American citizens and those of a foreign state when the "citizens or subjects of a foreign state . . . are lawfully admitted for permanent residence in the United States and are domiciled in the same State" as the American party).[1]

The response to the Court's order to show cause fails in each of these respects. The declaration of counsel is based on unidentified "records" reviewed by the declarant. *See* Docket No. 40 at 6. The declaration fails to identify the entity and person from whom SFR contends citizenship should be based, indicating only that one is "a Canadian corporation" and the other is an individual person from South Africa. *Id.*[2] The declaration does not specify the time frame to which the information pertains, but it appears to be related to citizenship as of the date the declaration was signed as it is written in the present tense. *Id.* The declaration asserts only that the individual is a "citizen of South Africa" without specifying his or her domicile or American residency status, if applicable. *Id.*

There may well be diversity jurisdiction in this case, but the Court will not make such a determination relying on such vague and unsubstantiated representations as those presented in response to the order to show cause. The Court will afford SFR one further opportunity to make a proper showing

---

[1] To be clear, this is not an exhaustive list of the requirements for properly responding to an order to show cause such as the one issued in this case.

[2] The filing in this case references a single South African partner, but the same counsel appearing for SFR in another case has referenced multiple South African partners. *See Bank of New York Mellon v. Gleneagle Homeowners Association, Inc.*, Case No. 2:16-cv-00607-APG-NJK, Docket No. 19 at 3 n.3 (D. Nev. Aug. 28, 2016) (referencing in the plural "any of the partners domiciled in South Africa" and their "names").

regarding its citizenship. Counsel should consult relevant legal authority, including but not limited to the authority outlined herein, and ensure that this further showing is sufficient for the Court to make a finding regarding its citizenship. This further declaration shall be filed no later than May 3, 2016. As previously ordered, all parties are further ordered to show cause in writing, no later than May 11, 2016, why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: April 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge