# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>  Plaintiff,<br><br>v.<br><br>SFR INVESTMENT POOL I, LLC, *et al.*,<br><br>  Defendants. | Case No. 2:15-CV-00218-KJD-NJK<br><br>**ORDER** |

Presently before the Court is Defendant SFR ("SFR") Investment Pool I, LLC's Motion for Summary Judgment (#32). Plaintiff U.S. Bank filed a response in opposition (#38/47) to which Defendant replied (#49). Also before the Court is Plaintiff U.S. Bank's Motion for Summary Judgment (#36/46). Defendant SFR filed a response in opposition (#39) to which U.S. Bank replied (#48).

I. Facts

The present action involves a dispute over real property located at 6353 Ebony Legends Avenue, Las Vegas, NV 89131 ("the Property"). Tricia Thoen purchased the Property on or about May 25, 2005. Thoen financed the purchase with a $479,920.00 loan, secured by a deed of trust dated June 7, 2005. The deed of trust in favor of Meridias Capital, Inc. contained a Planned Unit Development Rider, prepared by the lender and signed by Thoen. The Rider recognized the need to

pay assessments to the White Horse Estates Homeowners Association ("the Association") and the ability of the lender to pay the assessments if Thoen defaulted.

On May 23, 2006, a deed was filed with the Clark County Recorder's office transferring Thoen's interest to Cross-Defendand MAT Holdings, LLC. On April 1, 2009, the Property holder became delinquent on payments on the deed of trust. On August 18, 2009, Recontrust Company, N.A., acting on behalf of beneficiary recorded Notice of Default and Election to Sell. On September 8, 2009, the deed of trust was assigned by Mortgage Electronic Registration Systems, Inc. to BAC Home Loans Servicing, LP. On July 27, 2010, Fidelity National Title was substituted for Recontrust as trustee under the deed of trust. On September 9, 2010, the Association recorded Notice of Delinquent Assessment Lien, which was released on April 28, 2011 after the Association received payment for the entire amount. On December 28, 2011, the Association recorded a second Notice of Delinquent Assessment Lien, stating that MAT owed $2,677.24 in past due assessments, late fees and interest. On February 23, 2012, the Association, through its agent Nevada Association Services ("NAS") recorded a Notice of Default and Election to Sell under the second lien, stating that MAT now owed $3,854.72.

The servicers of the loan at the time, Bank of America, N.A. ("BANA"), offered to pay the super-priority amount, nine (9) months of assessments. BANA's counsel contacted the Association to pay the delinquent assessments. BANA then paid the full amount of $3,854.72. The Association then released the second lien on or about October 22, 2012. On or about August 29, 2012, the first deed of trust was assigned from BANA to Plaintiff U.S. Bank.

On March 26, 2013, the Association, through its agent NAS, recorded a third Notice of Delinquent Assessment Lien ("the Operative Lien"). The Operative Lien stated that MAT now owed $1,429.58. On June 11, 2013, NAS, as agent for the Association, recorded a Notice of Default and Election to Sell in order to satisfy the Operative Lien. The notice stated that the amount due the Association was $2,740.49. A Notice of Foreclosure Sale was recorded on or about October 11, 2013. The foreclosure sale was schedule for November 1, 2013. Defendant SFR bid the highest

amount at the foreclosure sale. The Foreclosure Deed was recorded on November 6, 2013 stating that the sale price was $25,000.00. The Deed estimated that the value of the property was $308,823.00.

Plaintiff filed the present complaint on February 6, 2015 asserting claims for unjust enrichment, injunctive relief and a declaration that its deed of trust is superior to any interest asserted by any other party and was not extinguished by the Association's foreclosure of its super-priority lien.[1]  After Defendant SFR filed a counter-claim seeking to quiet title, the parties filed the present motions for summary judgment.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

---

[1] Nationstar Mortgage, LLC filed the original complaint. On August 28, 2005, the Court approved a stipulation (#25) substituting U.S. Bank, N.A. as Plaintiff for Nationstar.

3

(9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

    A. Injunctive relief

Preliminarily, the Court considers the parties' causes of action for injunctive relief. Though the parties omit argument for dismissing this cause of action in the briefing, the Court finds no sustainable cause of action for injunctive relief.  In fact, injunctive relief is a remedy, not a cause of action. See, e.g., Ajetunmobi v. Clarion Mortg. Capital, Inc., 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted).  If the parties still seek this remedy, it would properly be brought as a motion under Federal Rule of Civil Procedure 65. Therefore, the Court dismisses all claims for injunctive relief.

    B. Violation of Procedural Due Process

Here, Plaintiff seeks a declaration that the HOA foreclosure did not invalidate its senior deed of trust and that the property was purchased at the foreclosure sale subject to its first deed of trust. While its arguments that satisfaction of the prior liens prevented foreclosure on the Operative Lien, or in the alternative that the HOA foreclosure was commercially unreasonable are not well taken, Plaintiff's strongest claim is that NRS § 116.3116 facially violates procedural due process. Similarly, SFR is left with its claim that the Association and the Association's agents provided actual notice of

4

the Operative Lien and the Foreclosure Sale to Plaintiff and, as the purchaser, it took title without equity or right of redemption.

The Nevada Supreme Court recently held that "the Due Process Clause of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien." Saticoy Bay v. Wells Fargo, 388 P.3d 970, 975 (Nev. 2017). However, the Ninth Circuit Court of Appeals considered the same issue in Bourne Valley Ct. Trust v. Wells Fargo Bank, 832 F.3d 1154, 1160 (9th Cir. 2016) and came to the opposite conclusion: "Nevada Revised Statutes section 116.3116's "opt-in" notice scheme facially violated mortgage lenders' constitutional due process rights."[2] Parties in both Bourne Valley and Saticoy Bay have indicated they will file petitions for *certiorari* in the United States Supreme Court, leaving the constitutionality of portions of Nevada's non-judicial foreclosure statute in question. In fact, the Nevada Supreme Court has stayed issuance of remittitur until June 21, 2017, to allow time for Defendants to seek *certiorari*. Saticoy Bay, Nev. S. Ct. Case No. 68630, Doc. No. 17-04543 (Feb. 8, 2017). Additionally, the United States Supreme Court extended the deadline for the Bourne Valley cert petition to April 3, 2017. Case No. 16A753 (Feb 24, 2017).

The motions for summary judgment in this case implicate Bourne Valley and Saticoy Bay. To save the parties from the need to invest resources in discovery surrounding commercial reasonableness of the sale including any fraud, unfairness or oppression, before the United States Supreme Court has ruled on the petitions for certiorari review in these cases, the Court *sua sponte* stays all proceedings in this case and denies all pending motions without prejudice.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When

---

[2] The "opt-in" notice scheme was in effect on the date of the Foreclosure Sale, November 1, 2013. The 2015 Legislature substantially revised Chapter 116. 2015 Nev. Stat., ch. 266. However, this court looks at the statute in effect on the day of the sale.

determining whether a stay is appropriate pending the resolution of another case – often called a "Landis stay" – the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a Landis stay is appropriate.

### 1. A stay will promote the orderly course of justice.

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the competing arguments that the foreclosure sale either extinguished the mortgagor's security interest or had no legal effect because the statutory scheme violates due process and the takings clause. The United States Supreme Court's consideration of petitions for certiorari in Bourne Valley and Saticoy Bay has the potential to be dispositive of this case or major discrete issues presented by it.  The jurisprudence in this area of unique Nevada law continues to evolve causing parties in the scores of foreclosure-challenge actions pending to file new motions or supplement the ones that they already have pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced." Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc., 2017 WL 752775, *2 (D. Nev. February 27, 2017). Staying this case pending the Supreme Court's disposition of the petitions for certiorari in Bourne Valley and Saticoy Bay will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent.  This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

### 2. Hardship and inequity

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the petitions for certiorari have been decided.  A stay will prevent unnecessary briefing and premature expenditures of time, attorney's fees, and resources. While this is one of the few cases

6

in which multiple supplemental briefs have not been filed, the prospect of that occurrence is greater than not while the petitions are pending.

### 3. Damage from a stay

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split. It is not clear that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case. The Court finds minimal any possible damage that this stay may cause.

### 4. The length of the stay is reasonable.

Finally, a stay of this case pending the disposition of the petitions for certiorari in Bourne Valley and Saticoy Bay is expected to be reasonably short. The petition in Bourne Valley is due April 3, 2017, and the petition in Saticoy Bay is due April 25, 2017. Because the length of this stay is directly tied to the petition proceedings in those cases, it is reasonably brief, and not indefinite.

### 5. Summary

Therefore, the Court orders this action stayed. Once the United States Supreme Court proceedings in Bourne Valley and Saticoy Bay have concluded, either party may move to lift the stay.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that this action is **STAYED**;

IT IS FURTHER ORDERED that all outstanding motions are **DENIED without prejudice.**

DATED this 15th day of March 2017.

Kent J. Dawson
United States District Judge