# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-cv-00218-KJD-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (#68). Plaintiff U.S. Bank filed a response in opposition (#73) to which Defendant SFR replied (##76). Defendant White Horse Estates Homeowners Association joined (#74) SFR's motion.

Also before the Court is Plaintiff U.S. Bank's Motion for Summary Judgment (#72). Defendant SFR filed a response in opposition (#75) to which Plaintiff replied (#77).

This is a quiet title action arising out of the non-judicial foreclosure of real property located at 6353 Ebony Legends Avenue, Las Vegas, Nevada 89131 ("the Property"). U.S. Bank seeks a declaration that the White Horse Estates Homeowners Association ("HOA") foreclosure did not extinguish its deed of trust under two theories. First, the bank argues that the Court should set aside the HOA sale because the sale price was grossly inadequate and because the HOA acted unfairly while carrying out its pre-foreclosure actions. Alternatively, it claims that the HOA's foreclosure under NRS § 116 is invalid because the statute is unconstitutional. The bank's principal argument is that § 107.090's notice requirements—as incorporated—do not adequately warn subordinate lienholders that an HOA foreclosure threatens to extinguish their deeds of trust. SFR also moved for summary judgment.

Like U.S. Bank, SFR seeks to quiet title in the Property and requests a declaration that it purchased the Property free and clear of the bank's deed of trust. SFR argues that § 116 is constitutional and that the HOA sale was not commercially unreasonable. The Court agrees and therefore grants SFR Investments Pool's motion for summary judgment (#68). Consequently, the Court denies U.S. Bank's motion for summary judgment (#72).

**I. Facts**

Former owner and non-party Tricia Thoen purchased the Property in May 2005. (#68 at Ex. 5). Thoen financed the purchase with a $479,920.00 loan, secured by a deed of trust dated June 7, 2005. The deed of trust in favor of Meridias Capital, Inc. contained a Planned Unit Development Rider, prepared by the lender and signed by Thoen. (Id. at Ex. 7). The Rider recognized the need to pay assessments to the HOA and the ability of the lender to pay the assessments if Thoen defaulted. Id.

On May 23, 2006, a deed was filed with the Clark County Recorder's office transferring Thoen's interest to Cross-Defendant MAT Holdings, LLC ("MAT"). (Id. at Ex. 10). On April 1, 2009, MAT became delinquent on payments on the deed of trust. On August 18, 2009, Recontrust Company, N.A., acting on behalf of beneficiary recorded Notice of Default and Election to Sell. On September 8, 2009, the deed of trust was assigned by Mortgage Electronic Registration Systems, Inc. to BAC Home Loans Servicing, LP. On July 27, 2010, Fidelity National Title was substituted for Recontrust as trustee under the deed of trust. On September 9, 2010, the HOA recorded Notice of Delinquent Assessment Lien, which was released on April 28, 2011 after the HOA received payment for the entire amount. On December 28, 2011, the HOA recorded a second Notice of Delinquent Assessment Lien, stating that MAT owed $2,677.24 in past due assessments, late fees and interest. On February 23, 2012, the HOA, through its agent Nevada Association Services ("NAS") recorded a Notice of Default and Election to Sell under the second lien, stating that MAT now owed $3,854.72.

The servicers of the loan at the time, Bank of America, N.A. ("BANA"), offered to pay the super-priority amount, including nine months of assessments. BANA's counsel contacted the HOA to pay the delinquent assessments. BANA then paid the full amount of $3,854.72. The

HOA then released the second lien on or about October 22, 2012. On or about August 29, 2012, the first deed of trust was assigned from BANA to Plaintiff U.S. Bank.

On March 26, 2013, the Association, through its agent NAS, recorded a third Notice of Delinquent Assessment Lien ("the Operative Lien"). The Operative Lien stated that MAT now owed $1,429.58. On June 11, 2013, NAS, as agent for the HOA, recorded a Notice of Default and Election to Sell in order to satisfy the Operative Lien. The notice stated that the amount due the HOA was $2,740.49. (#68 at Ex. 24). A Notice of Foreclosure Sale was recorded on or about October 11, 2013. The foreclosure sale was scheduled for November 1, 2013. Defendant SFR bid the highest amount at the foreclosure sale. The Foreclosure Deed was recorded on November 6, 2013 stating that the sale price was $25,000.00. The Deed estimated that the value of the Property was $308,823.00.

U.S. Bank[1] then brought this action. The bank primarily seeks to quiet title in the Property. (#1 at 6). To do so, the bank seeks a declaration that the HOA acted unfairly in its foreclosure sale or NRS § 116 is facially unconstitutional, either of which would invalidate the HOA's foreclosure. In response, SFR asserted its own quiet title claim against U.S. Bank, MAT, and Meridias (#11). In addition, SFR sought to enjoin U.S. Bank from asserting any interest in the Property. The Court then stayed the case following the Ninth Circuit's decision in <u>Bourne Valley Court Trust v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154 (9th Cir. 2016). (#63). The Court lifted the stay in October of 2018 and set the dispositive-motion deadline. (#67). Discovery has since closed, and the parties have filed their respective motions for summary judgment to which the Court now turns.

**II. Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986); <u>Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture</u>, 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law.

---

[1] U.S. Bank replaced the original plaintiff in this case, Nationstar Mortgage, by stipulation. Stip. to Substitute, ECF No. 23. Unless necessary, the Court refers to the plaintiff as U.S. Bank.

Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

**III. Analysis**

U.S. Bank moves for summary judgment on its quiet title claim arguing that (1) the inherent unfairness of the sale coupled with the Property's sale price justify setting aside the HOA sale and (2) the HOA foreclosed under an unconstitutional statute thereby preserving the bank's interest in the Property.

SFR also seeks summary judgment on its own quiet title claim and argues that U.S. Bank lacks standing because it has not provided evidence of the assignments of the deed of trust sufficient to prove the bank's chain of title. It continues that even if the bank has standing, NRS § 116 is both facially constitutional and constitutional as applied to U.S. Bank. SFR contends that the bank received adequate notice to apprise it of the risk to the bank's property interest and to allow the bank to contest the sale. Finally, SFR argues that U.S. Bank has not demonstrated the necessary fraud, oppression, or unfairness that would justify equitably setting aside the sale.

**A. U.S. Bank's Motion for Summary Judgment**

The Court first turns to U.S. Bank's motion to address whether the HOA's foreclosure can be properly set aside due to (1) the inadequacy of the sale price and the HOA's allegedly unfair actions leading up to the foreclosure sale or (2) the alleged unconstitutionality of NRS § 116.

### *1. Sale Price and the HOA's Actions at the Foreclosure Sale*

First, U.S. Bank argues that the Court should invalidate or set aside the HOA foreclosure because it was tainted by fraud, unfairness, and oppression. The Court may equitably set aside a foreclosure where evidence of fraud, unfairness, or oppression accompanies a grossly inadequate sales price. Nationstar Mortg., LLC v. Saticoy Bay, LLC Series 2227 Shadow Canyon, 405 P.3d 641 (Nev. 2017) ("Shadow Canyon"); Golden v. Tomiyasu, 387 P.2d 989 (Nev. 1963). Shadow Canyon reinforced that a grossly inadequate sales price is not enough to set aside a foreclosure sale. 405 P.3d at 647. The threshold question thus becomes whether there is evidence of fraud, unfairness, or oppression in the HOA sale. If so, the Court then determines whether the sale price was grossly inadequate. If the Court answers both questions affirmatively, it may equitably invalidate or reform the foreclosure sale. See id.

U.S. Bank argues that the mortgagee protection clause in the HOA's CC&Rs (#68 at Ex. 2, Section 7.8) evince an unfair or fraudulent sale. (#72 at 7-8). The bank's mortgagee protection clause argument has two parts. First, the bank argues that the CC&Rs lulled the bank into a false sense of security by leading it to believe its deed of trust was safe against the HOA's superpriority lien. Id. Second, and relatedly, the bank contends that the mortgage protection clause chilled bidding and depressed the ultimate sales price because the public was under the impression that a winning bidder at the foreclosure auction would take the Property subject to the U.S. Bank mortgage. Id.

The mortgagee protection clause in the CC&Rs does not rise to the level of direct misrepresentation necessary to demonstrate fraud or unfairness and does not justify invalidating this foreclosure. At bottom, the provisions in community CC&Rs cannot override state statutes. SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 742, 757–58 (Nev. 2014) ("Nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien … [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"); Bank of America, N.A. v. Azure Manor/Rancho de Paz Homeowners Ass'n., No. 2:16-cv-0765-GMN-GWF, 2019 WL 636973, at *6 (D. Nev. Feb. 14, 2019) (mortgage protection clauses cannot supersede the provisions of NRS § 116).

However, the Nevada Supreme Court and this Court have recognized that a mortgage protection clause coupled with an HOA's direct misrepresentation of the safety of senior deeds of trust can render a foreclosure sale unfair. Shadow Canyon, 405 P.3d at 648 n.11 (citing Zyzzx2 v. Dizon, No. 2:13-cv-1307-JCM-PAL, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2015) ("irregularities that may rise to the level of fraud include … an HOA's representation that the foreclosure sale will not extinguish the first deed of trust")). Zyzzx2 offers similar facts to this case. There, a Court in this district analyzed a non-judicial foreclosure that threatened a Wells Fargo first deed of trust. 2016 WL 1181666, at *1. Like here, Wells Fargo argued that the foreclosure sale was commercially unreasonable in part because the HOA's CC&Rs protected first deeds of trust from extinguishment. Id. at *5. There, however, the HOA also sent a letter to Wells Fargo and other interested parties confirming that the HOA foreclosure would not affect their deeds of trust. Id. Based on that affirmative misrepresentation, the Court concluded that the HOA's sale was unfair. Id. As a result, the Court granted summary judgment for Wells Fargo and set aside the HOA's foreclosure sale. Id.

Absent here is any direct confirmation from the HOA to U.S. Bank that the CC&Rs immunized the bank's deed of trust from extinguishment. Direct confirmation of the mortgage protection clause between the HOA and other lienholders is necessary to find unfairness because the mortgage protection on its own is not enough. Azure Manor, 2019 WL 636973, at *6. In fact, the Court that decided Zyzzx2 has since clarified that its holding hinged upon the HOA's representations in its letter to Wells Fargo. Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) ("Indeed [Zyzzx2] was rendered *in light of the combination* of the mortgage protection clause and the HOA's misleading mailings") (emphasis added).

Furthermore, U.S. Bank has not shown that the mortgagee protection clause in the HOA's CC&Rs chilled bidding and depressed the sales price. The bank argues that no rational buyer would pay fair market value for the Property because the CC&Rs preserved the existing deed of trust. As a result, the HOA sale could not recover both the HOA's delinquent assessments and the amount necessary to cure the default on the bank's deed of trust. (#109, at

9). However, U.S. Bank has not provided evidence that the CC&Rs had any effect on the sales price whatsoever. Therefore, the Court finds that the mortgagee protection clause did not render the HOA sale unfair. As such, the Court need not analyze whether SFR purchased the Property at a grossly inadequate sale price. Accordingly, because the Court finds that the HOA sale was not fraudulent, unfair, or oppressive, the Court denies U.S Bank's motion for summary judgment.

### *2. Constitutionality of NRS § 116*

First, the Court must determine whether and to what extent the Ninth Circuit's determination in Bourne Valley Court Trust v. Wells Fargo Bank, N.A. binds its decision in this case. 832 F.3d 1154 (2016). The parties' dispute arises out of the disagreement between the Ninth Circuit and Nevada Supreme Court regarding the facial constitutionality of the so-called "opt-in" notice provision of NRS § 116.3116(2). See id. at 1158. The Nevada Supreme Court has since considered—and rejected—the Ninth Circuit's reasoning in Bourne Valley. SFR Inv. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018) ("SFR 2").

**a. Bourne Valley's Determination that NRS § 116 is Facially Unconstitutional No Longer Binds This Court**

The Ninth Circuit's holding in Bourne Valley hinges on two important points: state action and an impermissible "opt-in" notice scheme. Bourne Valley, 832 F.3d at 1158, 1160. Related to state action, the Court found that NRS § 116's superpriority-lien scheme so degraded a lender's property interest that the passing of the statute itself constituted state action. Id. at 1160. In other words, there was state action because, but for the enactment of the statute, a bank would have a fully secured interest in a property. Id.

As for notice, the Court determined that NRS § 116.3116(2) created an unconstitutional "opt-in" scheme that provided notice only to those parties who asked for it—parties that may not have known that their deed of trust was at risk. Id. at 1158. Reaching this conclusion, the Court rejected the argument that NRS § 116 incorporated NRS § 107.090, which required notice to other parties whose deeds of trust could be extinguished by the HOA's superpriority lien. Id. at 1159 (citing NRS § 107.090(3)(b)) (requiring notice by registered or certified mail to every entity "with an interest or claimed interest … subordinate to the deed of trust"). Incorporation would cure the "opt-in" notice deficiency but would also "render the

- 7 -

express notice provisions of [NRS §] 116 entirely superfluous." Id. Having found state action and an impermissible "opt-in" notice scheme, the Court declared § 116 facially unconstitutional.

The Nevada Supreme Court disagreed. After Bourne Valley, another Court in this district certified a question to the Nevada Supreme Court seeking clarification as to whether incorporation of NRS § 107.090 required an HOA to provide notice of default or notices of sale to subordinate entities even when those entities did not request notice. SFR 2, 422 P.3d at 1250. The Nevada Supreme Court broke from the Ninth Circuit and determined that NRS § 116 indeed incorporated the notice provisions in NRS § 170.090. Id. at 1253. In fact, the Nevada Supreme Court considered the Ninth Circuit's position and expressly "decline[d] to follow the majority holding in Bourne Valley." Id. By incorporating § 107.090, the Nevada Supreme Court eliminated the "opt-in" notice scheme rendering the statute facially constitutional. Finding no constitutional deprivation, the Court did not reach the question of state action.

In light of SFR 2, Bourne Valley is no longer binding on this Court so far as it relates to the facial constitutionality of NRS § 116. A state's highest court has the final word on the interpretation of state law. Gurley v. Rhoden, 421 U.S. 200, 208 (1975). Thus, Bourne Valley's interpretation of NRS § 116 was only binding absent the Nevada Supreme Court's contrary finding. Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983); Miller v. Gammie, 335 F.3d 889, 892–93 (9th Cir. 2003) ("where the reasoning or theory of … prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [the Court] should consider itself bound by the later controlling authority").

Bourne Valley's holding that NRS § 116 is facially unconstitutional is irreconcilable with the Nevada Supreme Court's holding in SFR 2. Therefore, inasmuch as U.S. Bank argues that Bourne Valley controls the facial constitutionality of § 116, the Court rejects that argument.

**b. Constitutional Adequacy of NRS § 107.090**

U.S. Bank next argues that, despite the incorporation of NRS § 107.090, NRS § 116 is still unconstitutional because the notice it required is constitutionally inadequate. The argument is two-fold. First, U.S. Bank argues that Bourne Valley correctly determined that

1  Nevada's implementation of NRS § 116 constitutes state action for purposes of its due process
2  claim, a claim that the Nevada Supreme Court has not addressed. It contends that <u>Bourne</u>
3  <u>Valley</u>'s state-action decision survived <u>SFR 2</u> because whether legislative enactment constitutes
4  state action is a purely federal question. Second, the bank argues that § 116's notice requirements
5  as incorporated did not sufficiently warn lenders that their property interests were at stake.
6  Because the Court finds that U.S. Bank received constitutionally adequate notice, it need not
7  determine whether enactment of NRS § 116 constituted state action. Accordingly, the Court
8  turns to § 107.090's notice provision.

9  Section 107.090 requires the HOA—through its trustee or agent—to
10 provide notice of default (1) to each person who has requested it and (2) to each person with an
11 interest subordinate to the HOA's deed of trust. NRS § 170.090(3)(a)–(b). The statute ensures
12 that a lender or other lien holder receives notice if they stand to lose their interest due to the
13 HOA foreclosure. Here, the HOA, through its agent NAS, recorded a Notice of Default and
14 Election to Sell in June of 2013, and the bank does not dispute that it received the notice. (#72,
15 Ex. 11). In October of 2013, White Horse, through NAS, recorded a Notice of Foreclosure Sale.
16 (#72, Ex. 12). In capital letters the notice warned that failure to pay the delinquent assessment
17 balance could cause the homeowner to lose their home. <u>Id.</u>

18 The bank argues that the recorded notices were insufficient to alert the
19 bank that its deed of trust was at risk for two reasons. First, the bank contends the notices were
20 insufficient because they did not reveal the existence of a superpriority lien that threatened to
21 extinguish all other liens. (#72, at 10). And second, the bank argues the notices were insufficient
22 because they did not adequately instruct the bank on the superpriority amount, if it existed at all.
23 <u>Id.</u>

24 Due process requires notice that is "reasonably calculated" to alert
25 interested parties to the action against them and provide them an opportunity to object. <u>Mullane</u>
26 <u>v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950). However, due process does not
27 require actual notice of an impending action. <u>Jones v. Flowers</u>, 547 U.S. 220, 226 (2006). Rather,
28 the provided notice must be "reasonably certain" to inform the other party of the pendency of the

action. Nozzi v. Housing Auth. of City of Los Angeles, 806 F.3d 1178, 1194 (9th Cir. 2015) (citing Mullane, 339 U.S. at 314).

Here, the HOA trustee provided two notices that adequately informed U.S. Bank that the HOA intended to foreclose on the Property. In tandem, NRS § 116 also puts the bank on notice that the HOA's foreclosure could extinguish its interest in the Property. A notice's failure to explicitly inform a lender that its deed of trust is at risk does not render that notice insufficient. It is now settled law in Nevada that a properly conducted non-judicial foreclosure creates a superpriority lien in favor of the HOA, which can extinguish all other deeds of trust. See SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 408, 409 (Nev. 2014). While § 116's effect on deeds of trust may have been less clear at the time of this foreclosure, the statute nonetheless provided the potential for a lender's deed of trust to be extinguished by HOA foreclosure. The HOA's notices need not articulate points of law that were available to each lienholder in the Nevada Revised Statutes. Nationstar Mortg., LLC v. Amber Hills II Homeowner's Assn., No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016) ("The fact that a notice does not identify a superpriority amount is of no consequence because [NRS § 116] gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests").

Instead, the notices only needed to provide information that would reasonably warn other lienholders of some action that could affect their property interests. These notices did just that. Both the Notice of Default and Election to Sell and the Notice of Foreclosure Sale made clear that the HOA was attempting to satisfy the delinquent assessment balance through a foreclosure sale. Those notices, together with NRS § 116's creation of a superpriority lien, provided sufficient notice to U.S. Bank that its deed of trust risked being extinguished and gave the bank enough information to challenge the foreclosure.

U.S. Bank's next argument—that the HOA's failure to instruct the bank on precisely how much it would cost to cure the superpriority lien rendered the notice unconstitutional—is also unavailing because the HOA need not provide the bank the tools to protect its interest. Due process does not require "an exhaustive guidebook to preserving one's

interest." Bank of New York Mellon v. Log Cabin Manor, 362 F. Supp. 3d 930, 937 (D. Nev. 2019). It requires notice of the "pendency of the action," not the "precise effect of the action on any particular interest." Mullane, 339 U.S. at 314; Log Cabin Manor, 362 F. Supp. 3d at 936. Notices such as these, that provide the date and time of the imminent foreclosure, as well as the reason for the foreclosure, provide banks with the information needed to appear and object. Accordingly, the Court finds that NRS § 116.3116's notice scheme was and is constitutionally adequate.

### B. SFR's Motion for Summary Judgment

The Court now turns to SFR's motion to address (1) its claims against U.S. Bank, (2) its claim that the bank's Lis Pendens must be expunged, and (3) its claims against MAT and Meridias.

#### *1. SFR's Claims Against U.S. Bank*

SFR separately moved for summary judgment on its counterclaims for quiet title and injunctive relief. Because injunctive relief is a remedy and not an independent cause of action, the Court dismisses that claim. See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008). As discussed, this HOA foreclosure sale complied with the requirements of NRS § 116 and the notice requirements of NRS § 107.090. The Court has determined that § 116 is constitutional and rejects U.S. Bank's argument that the foreclosure should be set aside. Accordingly, the HOA foreclosure sale extinguished U.S. Bank's deed of trust. Therefore, the Court grants SFR's motion for summary judgment and declares that SFR acquired the Property free and clear of U.S. Bank's deed of trust.

##### *a. Motion for Order Expunging U.S. Bank's Lis Pendens*

SFR also claims that U.S. Bank's Lis Pendens must be expunged. U.S. Bank filed an opposition in response to SFR's Motion for Summary Judgment, which addressed this claim. (#73 at 9). The bank has not stated a viable claim for relief to quiet title, and, as outlined above, the Court will enter judgment in favor of SFR as to its claim for quiet title. The Court construes SFR's claim as a motion for order expunging U.S. Bank's Lis Pendens, and the Court grants the motion. Accordingly, the Notice of Lis Pendens recorded on February 10, 2015,

with the Clark County Recorder's Office for Parcel Number 125-14-711-031 as instrument number 201502100003292 is hereby canceled, discharged and expunged.

### *2. SFR's Claims Against MAT and Meridias*

SFR also seeks summary judgment against MAT and Meridias for quiet title and injunctive relief. (#68 at 29). Again, because injunctive relief is a remedy and not an independent cause of action, the Court dismisses that claim as against these two parties. See Kendall, 518 F.3d at 1051. MAT held an ownership interest in the Property at the time of the foreclosure sale. Meridias was the beneficiary under the second deed of trust at that time.

Neither MAT nor Meridias has responded to SFR's claims, and the Clerk of the Court has entered default against them. (#57). In its claims against MAT and Meridias, SFR asserted that the HOA notified both parties of the foreclosure sale, and they failed to act to protect any interest they may have had in the Property. (#11 at ¶ 53). As such, SFR seeks declaratory relief against these parties, so that its interest in the Property may be secured. Id. at ¶ 54. Due to MAT and Meridias' failure to respond to any claims against them, the Court shall grant summary judgment in favor of SFR as against these two parties. Accordingly, the HOA foreclosure sale extinguished MAT's ownership interest and Meridias' security interest in the Property.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that SFR Investments Pool 1, LLC's Motion for Summary Judgment (#68) is **GRANTED**. The Court declares that the HOA sale extinguished the deed of trust;

IT IS FURTHER ORDERED that SFR Investments Pool 1, LLC's motion for order expunging U.S. Bank's Lis Pendens is **GRANTED**;

IT IS FURTHER ORDERED that SFR Investments Pool 1, LLC's motion for summary judgment as against MAT and Meridias is **GRANTED**;

IT IS FURTHER ORDERED that U.S. Bank's Motion for Summary Judgment (#72) is **DENIED**;

///

The Clerk of the Court shall **ENTER JUDGMENT** in favor of Defendant/Counter-claimant/Cross-claimant SFR Investments Pool 1, LLC and against all other parties.

DATED this 19th day of September 2019.

Kent J. Dawson
United States District Judge